

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 25, 1959

Honorable Zollie Steakley
Secretary of State
Austin, Texas

Opinion WW-558

Re: Whether the Secretary
of State can accept
and file an applica-
tion for a Certificate
of Authority under the
provisions of Article
1513a of Vernon's Civil
Statutes for a purpose
which is not identical
in language and does not
include the entire pur-
pose clause authorized
by said statute.

Dear Sir:

In your letter of request you have asked certain
questions pertaining to the granting of a permit to a
foreign corporation. This opinion is issued in response
to question number two in your letter. Questions numbered
one, three and four have been dealt with in a prior opin-
ion, No. WW-511.

The second question is:

"Should the Secretary of State accept
and file an application for a Certificate
of Authority under the provisions of Arti-
cle 1513a for a purpose which is not iden-
tical in language and does not include the
entire purpose clause authorized by said
statute?"

The corporation under question stated as its pur-
pose:

"To act as trustee, executor, adminis-
trator, or guardian when designated by any
person, corporation, or a court to do so,
and as agent for the performance of any
lawful act."

Article 1513a reads in part as follows:

"Sec. 2.  Trust Companies may be
created, and any corporation, however
created, may amend its charter in com-
pliance herewith, or a foreign corpora-
tion may obtain a certificate of authori-
ty to do business in Texas for the fol-
lowing purpose:

"'To act as trustee, executor, admin-
istrator, or guardian when designated by
any person, corporation, or a court to do
so, and as agent for the performance of
any lawful act, including the right to
receive deposits made by agencies of the
United States of America for the author-
ized account of any individual; to act as
attorney-in-fact for reciprocal or inter-
insurance exchange.'"

The Legislature in Sections 2 through 7 of Senate
Bill No. 165, Acts of the 55th Legislature, Regular Ses-
sion, 1957, Chapter 388, codified as Article 1513a of Ver-
non's Civil Statutes, provided the Secretary of State with
authority to issue a charter to a domestic corporation,
accept amendment of a charter of a domestic corporation,
and issue a certificate of authority to a foreign corpora-
tion to operate in Texas as a trust company, and, in Sec-
tion 1 of the Bill, expressly repealed Chapter 7 of the
Texas Insurance Code, Vernon's Civil Statutes, which pre-
viously had provided the Board of Insurance Commissioners
with authority to qualify corporations to operate as trust
companies.

Article 1513a thereby became the only statute under
which a foreign corporation could secure a certificate of
authority to operate in Texas as a trust company and, as a
statute under which domestic corporations could secure au-
thority to operate as trust companies, became of great im-
portance to domestic corporations as well.

Since legislative policy in a given field should be
considered when viewing particular enactments in that field,
consideration in this instance should be given to the appro-
val by the Legislature in adopting the Texas Business Cor-
poration Act of the policy of flexibility providing that the
public interest is adequately protected.

In consideration of all these matters, the availability of a statute, such as Article 1513a, should not be unnecessarily restricted, although the restriction contained in Section 7 of Article 1513a, must be observed: ". . . the provisions of Article 2.01A (of the Texas Business Corporation Act) permitting a corporation to have more than one purpose shall not apply." While the Legislature has connoted as no more than one purpose all of the authorization stated in Article 1513a, there is no restriction which prevents the use of only a part of the authorization as a complete purpose.

Therefore, it is the opinion of this office that it is not necessary for a corporation utilizing Article 1513a, in stating its purpose, to use the identical language of the purpose clause of that statute or to use the purpose clause in its entirety.

## SUMMARY

The Secretary of State can accept and file an application for a Certificate of Authority under the provisions of Article 1513a, Vernon's Civil Statutes, for a purpose authorized in said statute, but which is not identical in language and does not include the entire purpose clause as stated in the said statute.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Charles D. Cabaniss*
Charles D. Cabaniss
Assistant

CDC:rm

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Riley E. Fletcher
Leonard Passmore
Ralph Rash
Robert H. Walls

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert